# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CUTTINO, CDCR #BX5327,<br><br>                                    Plaintiff,<br>vs.<br><br>HARBOR POLICE DEP'T, SCRIPPS MERCY HOSPITAL,<br><br>                                 Defendants. | Case No.: 3:25-cv-0510-RSH-LR<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

Maurice Cuttino ("Plaintiff"), a state inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In lieu of paying the filing fee required by 28 U.S.C. § 1914(a), Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons discussed below, the Court denies Plaintiff's IFP motion and dismisses the action without prejudice.

## I.    IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1  $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire
2  fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant
3  to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);
4  *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an]
5  IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the
6  fee[s] [a]re paid.").

7        To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of
8  all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account
9  statement (or institutional equivalent) for . . . the 6-month period immediately preceding
10 the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,
11 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds
12 exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average
13 monthly deposits to the prisoner's account' or 'the average monthly balance in the
14 prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly
15 payments of 20 percent of the preceding month's income credited to the prisoner's
16 account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while
17 prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront,
18 they remain obligated to pay the full amount due in monthly payments. *See Bruce v.*
19 *Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281
20 F.3d 844, 847 (9th Cir. 2002).

21       Here, Plaintiff's IFP Motion is incomplete because he has not submitted a certified
22 copy of his trust account statement for the 6-month period immediately preceding the filing
23 of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without a certified

---

[1]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II.  CONCLUSION AND ORDER

Accordingly, the Court:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP, ECF No. 2, and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)  **GRANTS** Plaintiff **forty-five (45)** days from the date of this Order to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP, that includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting a properly supported IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3)  **DIRECTS** the Clerk of Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated: April 9, 2025

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge